Mary J. Shea (SBN 113222)
Attorney at Law
SHEA LAW GROUP
851 Promontory Drive West
Newport Beach California
Ph: 949-933-0260
shealaw@aol.com

Attorney for Plaintiff Yelena Lebedchik,
on her own behalf and on behalf of others
similarly situated

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

(SACRAMENTO)

| | |
|---|---|
| YELENA LEBEDCHIK, on her own behalf and on behalf of others similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> PACIFIC BELL TELEPHONE COMPANY, A California Corporation; AT&T, INC., a Delaware Corporation, <br><br> Defendants. <br> _____ / | Case No.: <br><br> **COMPLAINT FOR DAMAGES** <br><br> **CLASS AND COLLECTIVE ACTION** <br><br> 1) Violation of the Fair Labor Standards Act (FLSA) <br> 2) Violation of California Labor Code <br> 3) Violation of Business and Professions Codes § 17200 (Unfair Competition Law) <br><br> **AVERAGE DAMAGE PER PLAINTIFF: $ 20,000 (ESTIMATE)** <br><br> **JURY TRIAL DEMANDED** |

**INTRODUCTION**

1.      Plaintiff Yelena Lebedchik ("Plaintiff") brings this action against her joint employers Pacific Bell Telephone Company and A T & T, Inc. on her own behalf and on behalf of others similarly situated, for violations of the Fair Labor Standards Act (FLSA). 29 U.S.C. § 201, *et seq*, the California Labor Code and Industrial Welfare Commission (IWC) Wage Orders, and the California Unfair Business Practices Act (California Business and Professions Code §§ 17200, et seq.).

2.      Plaintiff and other similarly situated employees who opt in to this action ("the FLSA class" or "the class") are current and former employees who worked as Customer Service Representatives of Pacific Bell and A T &T. and are not exempt from the provisions of the FLSA.

3.      Plaintiff on behalf of herself, and all other similarly situated employees, seeks to recover: unpaid wages; unpaid overtime compensation; unpaid hours worked; compensation for time work performed for benefit of Defendants; and, compensation for lost or denied rest and meal breaks.  In addition to the named Plaintiff, claims are being made on behalf of other similarly situated persons. That is, claims are being made on behalf of Plaintiff and all other current and former Customer Service Representatives employed by Defendants during the four(4) year prior to the filing of this Complaint, who are, or were, required, expected, or in fact engaged in work 15 to 30 minutes prior to the commencement of their assigned shifts, for the benefit of Defendants with out compensation. Plaintiff claims on her own behalf and on behalf of others similarly situated , that she and others were required to come to work early to prepare for work, to start up their computers, to log on to systems,  or otherwise prepare for work as they were

trained to do by Defendants, were ordered to do Defendants, and/or were compelled to by Defendants out of fear of disciplinary action if they were not "up and running" as the commencement of their assigned shift. In addition, Plaintiff, and other similarly situated persons, are expected to stay past their shift to complete pending customer service matters, to turn off the computers and systems, etc. This overtime is documented on Defendants' own computers system (e.g.,the time logged on and off), yet Plaintiff, and other similarly situated persons, did not receive overtime compensation for this work.. In addition, Plaintiff and/or other similarly situated persons were denied meal and rest break time as a penalty for not complying with "adherence" standard (e.g. time on the computer systems).

4. Claims are being made on behalf of similarly situated persons employed at any time within the last four (4) years preceding the commencement of this action.

**ALLEGATIONS FOR CLASS AND COLLECTIVE ACTION**

5. Plaintiff brings the First Cause of Action for violation of the FLSA as a collective action pursuant to FLSA, 29 U.S.C. §216(b). Plaintiff brings these claims on behalf of all non-exempt employees of Defendant, including those misclassified by Defendant as exempt from the FLSA, who were, are, or will be employed during the period the of four (4) years prior to the commencement of this action through the date of judgment of this action, who have not been fully compensated for all work performed, time spent, and activities conducted for the benefit of the Defendant. Plaintiff estimates that the average damage per plaintiff, to date, is approximately $20,000 (+/-)

6. Plaintiff's claims for violations of the FLSA may be brought and maintained as an "opt-in" collective action pursuant to § 16 ( b ) of the FLSA, for all claims asserted by Plaintiff for the class, because the claims of Plaintiff are similar to the claims of the members of the class.

7. Members of the class are similarly situated, as they have substantially similar job requirements and provisions and are subject to common practice, policy or plan that requires them to perform work in excess of legal limits without overtime compensation.

8. Defendants's practices are in a direct violation of the FLSA and California law. Plaintiff on behalf of herself, and all other similarly situated employees, seeks compensation and credit for all unrecorded and uncompensated work time, liquidated and/or other damages as permitted by law, and attorney fees and costs.

## JURISDICTION AND VENUE

9. This Court has federal question jurisdiction in this action pursuant to 28 U.S.C. § 1331 and 29 U..S.C. §216 ( b ). This Court has supplemental jurisdiction over Plaintiff's California subclass state-law claims pursuant to 28 U.S.C. § 1367.

10. Venue is proper in this district pursuant to 28 U.S.C. §1391 ( b ) and ( c ). Plnaitff is informed and believes that members of the putative class reside in the Northern District of California.

## PARTIES

11. Plaintiff Yelena LEBEDCHIK is, and at all time material hereto is a resident of the State

of California and was employed by Defendants Pacific Bell and AT&T as a Customer Service Representative.

12. Plaintiff is informed and believes that Defendant Pacific Bell Telephone Company (hereinafter "Pacific Bell), is a California Corporation organized and existing pursuant to the laws of the State of California. Plaintiff is informed believes that Pacific Bell is headquartered in San Francisco, California and is owned and operated by Defendant AT&T, Inc.

13. Plaintiff is informed and believes that Defendant AT&T, INC. (hereinafter "AT&T"), is a Delaware Corporation organized and does business in the State of California.. Plaintiff is informed believes that AT&T owns and operates Pacific Bell and is a joint employer of Plaintiff and other similarly situated persons.

14. At all relevant times Plaintiff was employed by Defendants.

15. Plaintiff is informed and believes that Defendant PACIFIC BELL and Defendant AT&T are joint of employers of Plaintiff. Plaintiff is informed and believes , and thereon alleges, that each and all of the acts and omissions alleged herein were performed by, and or attributed to, all Defendants, each as acting by and through their agents and employees, and or under the direction and control of each of the other defendants, and that said acts and failures to act were within the course and scope of said direction control. Plaintiff is informed and believes that Defendant, and each of them, are agent of each other.

16. In addition to the named Plaintiff, claims are being made on behalf of other similarly

situated persons. That is, all Customer Service Representatives employed by Defendants in the last four (4) years preceding the commencement of this action.

17.    As a direct and legal result of the unlawful acts fo Defendants, and each of them, Plaintiff herself, and other similarly situated persons, suffer and continue to suffer from loss of earnings in amounts as yet to be ascertained, but subject to proof at trial.

## **ALLEGATIONS FOR CLASS AND COLLECTIVE ACTION**

18.    Plaintiff brings the First Cause of Action for violation of the FLSA as a collective action pursuant to Fair Labor Standards Act , 29 U.S.C. §216(b). Plaintiff brings these claims on behalf of all non-exempt employees of Defendants, including those misclassified by Defendant as exempt from the FLSA, who were, are, or will be employed during the period the of four (4) years prior to the commencement of this action through the date of judgment of this action, who have not been fully compensation for all work performed, time spent, and activities conducted for the benefit of the Defendant. Plaintiff estimates that the average damage per plaintiff, to date, is approximately $20,000 per employee.

19.    Plaintiff's claims for violations of the FLSA may be brought and maintained as an "opt-ion" collective action pursuant to § 16 ( b ) of the FLSA, for all claims asserted by Plaintiff for the class, because the claims of Plaintiff are similar to the claims of the members of the class.

20.    Members of the class are similarly situated, as they have substantially similar job requirements and provisions and are subject to common practice, policy or plan that requires

1  them to perform work in excess of legal limits without overtime compensation.

3  21.  Plaintiff brings the remainder of her claims for relief for violations of California law as a class actions allegations pursuant to Fed.R.Civ.P. Rule 23. Plaintiff brings these claims on behalf of all non-exempt Customer Service Representatives and persons who were misclassified as exempt but who performed the duties of a Customer Service Representatives, who were employed by Defendants four (4) years prior to the prior to the commencement of this action through the date of judgment of this action.

10  22.  This action is appropriately suited as class action under Rule 23 because:

-- The potential claim is a significant number because Plaintiff is informed an believes that there are approximately 100 to 5000 non-exempt current and former employees of Defendants who have been, are or will be employed by Defendant four (4) years prior to the prior to the commencement of this action through the date of judgment of this action.

-- The action involves common questions of law and fact to the potential class because the action focuses on Defendants systematic course of illegal payroll practices or policies which were applied to Customer Service Representatives in violation of the California Industrial Welfare Commission Wage Orders, the California Labor Code, and the California Business and Professions Code which prohibits practices from arising form such violations.

-- The claims of the Plaintiff are typical of the class because Defendants subjected all of its Customer Service Representatives to the identical violations of the California Industrial Welfare Commission Wage Orders, the California Labor

1    Code a and the California Business and Profession Code which prohibits unfair
2    business practices arising from such violations.
3   --   Plaintiff is able to fairly and adequately represent the interests of the all the
4    members of the class because of it is in their best interests ro prosecute the claims
5    alleges herein to obtain full compensation due to them for all services rendered
6    and hours worked.
7    .

## FACTUAL ALLEGATIONS

10   23.   Plaintiff and other similarly situated employees who opt in to this action ("the FLSA class" or "the class") are current and former employees of Defendants and are not exempt from the provisions of the FLSA.

14   24.   Plaintiff on behalf of herself, and all other similarly situated employees, seeks to recover: unpaid wages; unpaid overtime compensation; unpaid hours worked; compensation for time work performed for benefit of Defendants; and, compensation for lost or denied rest and meal breaks.  In addition to the named Plaintiff, claims are being made on behalf of other similarly situated persons. That is, claims are being made on behalf of Plaintiff and all other current and former Customer Service Representatives employed by Defendants during the four (4) year prior to the filing of this Complaint, who are, or were, required, expected, or in fact engaged in work 15 to 30 minutes prior to the commencement of their assigned shifts, for the benefit of Defendants with out compensation. Plaintiff claims on her own behalf and on behalf of others similarly situated , that she and others were required to come to work early to prepare for work, to start up their computers, to log on to systems, or otherwise prepare for work as they were

trained to do by Defendants, were ordered to do Defendants, and/or were compelled to by Defendants out of fear of disciplinary action if they were not "up and running" as the commencement of their assigned shift. In addition, Plaintiff, and other similarly situated persons, are expected to stay past their shift to complete pending customer service matters, to turn off the computers and systems, etc. This overtime is documented on Defendants' own computers system (e.g.,the time logged on and off), yet Plaintiff, and other similarly situated persons, did not receive overtime compensation for this work.. In addition, Plaintiff and/or other similarly situated persons were denied meal and rest break time as a penalty for not complying with "adherence" standard (e.g. time on the computer systems).

## FIRST CLAIM FOR RELIEF

### VIOLATION OF FAIR LABOR STANDARDS ACT

25.  Plaintiffs realleges and incorporates the foregoing paragraphs as though fully set forth herein

26.  At all relevant times Defendant has engaged and continues to engage in wilful practice of causing Plaintiff, and all other similarly situated employees, to work with out compensation and to be denied meal and rest breaks.. That is, Plaintiff and all other current and former Customer Service Representatives employed by Defendants during the four (4) years prior to the filing of this Complaint, were required, expected, or in fact engaged in work 15 to 30 minutes prior to the commencement of their assigned shifts, for the benefit of Defendants with out compensation. Plaintiff and others similarly situated were required to come to work early to prepare for work,

to start up their computers, to log on to systems, or otherwise prepare for work as they were trained to do by Defendants, were ordered to do Defendants, and/or were compelled to by Defendants out of fear of disciplinary action if they were not "up and running" as the commencement of their assigned shift. In addition, Plaintiff, and other similarly situated persons, are expected to stay past their shift to complete pending customer service matters, to turn off the computers and systems, etc. This overtime is documented on Defendants' own computers system (e.g.,the time logged on and off), yet Plaintiff, and other similarly situated persons, did not receive overtime compensation for this work.. In addition, Plaintiff and/or other similarly situated persons were denied meal and rest break time as a penalty for not complying with "adherence" standard (e.g., time on the computer systems).

27. Plaintiff is informed and believes that Defendants willfully failed to make, keep, and preserve appropriate records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of FLSA, including 29 U.S.C. §§ 211 ( c ) and 215 ( a ).

28. Plaintiff, on behalf of herself and the class, seeks damages in the amount of the respective unpaid straight-time and overtime compensation, plus liquidated damages as provided by the FLSA, 29 U.S.C. §§211( c ) and 215 ( a ).

29. Plaintiff on behalf of herself and the class seeks damages in the amount of the respective unpaid overtime compensation, plus liquidated damages as provided by the FLSA, 29 U.S.C. §216 ( b ), and such other legal and equitable relief as the Court deems just and proper.

30. Plaintiff, on behalf of herself and the class, seeks recover of reasonable attorneys' fees and costs associated with this lawsuit as provided by FLSA, 29 U.S.C. §216 ( b ).

## SECOND CLAIM FOR RELIEF
## SUPPLEMENTAL STATE CLAIM
## FAILURE TO PAY COMPENSATION UNDER CALIFORNIA INDUSTRIAL WELFARE COMMISSION ORDERS AND CALIFORNIA LABOR CODE

31. Plaintiff hereby realleges and incorporates by reference as though set fully herein, the allegations contained in the previous paragraphs.

32. Pursuant to Industrial Welfare Commission Orders, California Code of Regulations, and California Labor Code §§ 200, 218, .226, and 1198, for three (3) years preceding the filing of this lawsuit Defendant were required to compensate Plaintiff for all time worked including overtime, which is calculated at one and one-half (1.5) time the regular rate of pay for hours worked in excess of eight (8) hours per day and/or forty (40) hours per week, and for the first eight (8) hour on the seventh consecutive work day; with double time afer eight (8) hours on the seventh day of any work week, or after 12 hours on any work day.

33. Pursuant to California Labor Code sections 200, 500, 510 and 1198 and California Code of Regulations, in or after February 2003, Defendant were required to compensate Plaintiffs for all time worked including overtime, which is calculated at one and one-half (1.5) time the regular rate of pay for hours worked in excess of eight (8) hours per day and /or forty (40) hours per week and for the first eight (8) hours on the seventh consecutive work day; with double time

1 after eight(8) hours on the seventh day of any work week, or after twelve (12) hours in any
2 workday.

3

4 34.   Plaintiff and another similarly situated persons are or were non-exempt employees entitle
5 to the protections of the Industrial Welfare Commission Orders, California Code of Regulations,
6 and Labor Code §§ 200, 226, 500, 510 and 1198.  During the course of plaintiffs employment,
7 Defendant failed to compensate Plaintiff for all time worked including overtime hours worked as
8 required under the aforementioned labor regulations.

9

10 35.   Under the aforementioned wage orders, states and regulation, Plaintiff and other similarly
11 situated persons are entitled to one and one (1.5) times and/or double her regular rate of pay for
12 overtime worked based on appropriate calculations.

13

14 36.   Defendant's violation California law as it knowledge and willfully refused to perform
15 their obligations to compensated Plaintiff for all wages earned and all hours worked.  As a direct
16 result, Plaintiff has suffered and continues to suffer substantial losses related to the use and
17 enjoyment of such wages, lost interest ion such wages, and expenses and attorneys fees in
18 seeking to compel Defendant to fully perform its obligations under state law, all to her damage
19 in amounts according to proof at time of trial but in amount in excess of the jurisdiction of this
20 Court.  Defendant committed the actions alleged herein knowingly and willfully, with the
21 wrongful and deliberate intention of injuring Plaintiff for an improper motives amounting to
22 malice, and in conscious disregard of Plaintiff's rights.  Plaintiffs is entitled to recover loss
23 wages, overtime compensation and penalties

24

25
26

37. As a proximate result of the aforementioned violations Plaintiff and other similarly situated persons have claims in an amount according to proof at time of trial, but in an amount in excess of the jurisdiction of this Court

38. Defendant's conduct describe here violated California Labor Code §§ 200, 203, 218.5, 226, 558, 1194, Plaintiffs are entitled to recover the unpaid balance of overtime compensation Defendants owe Plaintiffs, plus interest, penalties, attorneys' fees, expenses, and costs of suit.

39. Plaintiff further claims on her behalf and on behalf of other similarly situated that Defendant and each of them willfully refused and continues to refuse to pay Plaintiff overtime and meal /rest breaks in a timely manner , as required by California Labor Code § 203. Therefore, Plaintiff required on her behalf and on behalf of others similarly situated that restitution and penalties by awarded pursuant to California Labor Codes § 203.

40. Wherefore, Plaintiff require relief as hereinafter sought.

### THIRD CLAIM FOR RELIEF
### SUPPLEMENTAL STATE CLAIM
### VIOLATIONS OF BUSINESS AND PROFESSIONS CODE § 17200

41. Plaintiff hereby realleges and incorporates by reference as though set fully forth herein, the previous allegations.

42. By violating the foregoing statutes and regulations, Defendant's acts constituted an

unlawful business practice under Business and Professions Codes § 17200, *et seq*.

43.     Defendant violations of California wage and hour laws constitute a business practice because it was done repeatedly over a significant period of time, and in a systematic manner to the detriment of Plaintiff and others similarly situated.

44.     For the four (4) years preceding the filing of this action, Plaintiff and other similarly situated persons suffered damages and request damages and/or restitution of all monies and profits to be disgorged from Defendant in and amount according to proof at time of trial, but in excess of the jurisdiction of the Court.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff on her behalf and on behalf of others similarly situated persons, pray for judgement as follows:

1. For nominal damages;
2. For compensatory damages;
3. For liquidated damages;
4. For all damages allow under Fair Labors Standards Act;
5. Restitution of all monies due Plaintiff, and disgorged profits form the unlawful business practices of Defendant;
4. For waiting time penalties pursuant to Labor Code § 203
5. For penalties pursuant to Cal. Labor Code §§ 226, 558, 1194, and 1194.2;
6. For interest accrued to date;

7. For cost of suit and expenses incurred pursuant to FLSA and Cal. Labor Code §§ 218.5, 226 and 1194

8. For reasonable attorneys' fees pursuant to FLSA and Labor Code §§ 218.5, 226, and 1194;

9. For penalties pursuant to California Labor Code §§ 512 and 558;

10. For waiting time penalties pursuant to California Labor Code § 203

10. For all such other and further relief that the Court may deem just and proper.

Dated: February 26, 2006                    SHEA LAW GROUP

By:    _/s/ Mary J Shea_____

Mary J. Shea

Attorney for Plaintiff YELENA LEBEDCHIK, individually, and on behalf of all other similarly situated persons.

///
///
///
///

## **DEMAND FOR JURY TRIAL**

Plaintiff on behalf of herself and others similarly situated hereby demands a jury trial.

Dated: February 26, 2007            SHEA LAW GROUP

By:    _/s/ Mary J Shea____

Mary J. Shea

Attorney for Plaintiff YELENA LEBEDCHIK, individually, and on behalf of all other similarly situated persons