C. BROOKS CUTTER (SB# 121407)
LYLE W. COOK (SB# 148914)
KERSHAW, CUTTER & RATINOFF
980 9th Street, 19th Floor
Sacramento, CA  95814
Telephone: (916) 448-9800
Facsimile:  (916) 669-4499

MARY J. SHEA (SB # 113222)
SHEA LAW OFFICES
425 Market Street, Suite 2200
San Francisco, CA  94105
Telephone: (510) 208-4422
Facsimile:  (415) 520-9407

ILONA BRUSIL (SB # 244723)
LAW OFFICES OF ILONA BRUSIL
2095 Van Ness Avenue
San Francisco, CA  94109
Telephone: (415) 775-1793
Facsimile:  (415) 775-1308

Attorneys for Plaintiffs

J. AL LATHAM, JR. (SB# 71605)
THOMAS E. GEIDT (SB# 80955)
ANNE NERGAARD (SB# 235058)
PAUL, HASTINGS, JANOFSKY & WALKER LLP
55 Second Street
Twenty-Fourth Floor
San Francisco, CA  94105
Telephone: (415) 856-7000
Facsimile:  (415) 856-7100

Attorneys for Defendant
PACIFIC BELL TELEPHONE COMPANY

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YELENA LEBEDCHIK, ERIC HOOKS, SVETLANA MELNIK, individually and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>PACIFIC BELL TELEPHONE COMPANY, a California corporation,<br><br>Defendant. | CASE NO. 2:07-CV-00392-FCD (EFB)<br><br>**CONFIDENTIALITY AGREEMENT AND ORDER** |

1  WHEREAS, Plaintiffs Yelena Lebedchik, Eric Hooks and Svetlana Melnik
2  ("Plaintiffs") filed a putative class action against Defendant Pacific Bell Telephone Company
3  ("Pacific Bell") alleging that Pacific Bell violated the Fair Labor Standards Act ("FLSA"), failed
4  to pay overtime in violation of the California Labor Code, failed to maintain accurate records and
5  provide itemized earnings statements as required by California law, failed to provide meal periods
6  and rest breaks as required by California law, owe waiting time penalties under California Labor
7  Code § 203, and violated California Business and Professions Code § 17200; and

9  WHEREAS, Pacific Bell disputes and denies Plaintiffs' claims; and

11 WHEREAS, certain of the information to be produced by the parties may reveal or
12 reflect confidential, private information, including former or current employee medical
13 information, as well as documents related to the employees' job performance, discipline,
14 employment status, compensation or other personnel and payroll information.  Other confidential
15 information may include financial, commercially sensitive, or proprietary information of parties
16 or non-parties to this litigation.  The parties believe that disclosure of such information could
17 cause harm to or invade the privacy of one or more of the parties herein or to non-parties.

19 WHEREAS, the parties are interested in permitting the exchange of information
20 and discovery to proceed without the delay that may be occasioned by possible disputes regarding
21 the confidential, commercially sensitive, proprietary or private nature of information produced,
22 and to seek to limit disclosure of such information to this proceeding.

24 IT IS HEREBY AGREED AND STIPULATED, by and between the parties
25 hereto, through their respective attorneys of record, as follows:

27 1. Any and all documents, materials, testimony or other information produced
28 by or obtained from any of the parties hereto or from non-parties in the course of this litigation,

whether given voluntarily or produced in response to or during discovery of this Action, as well as any pleadings, discovery responses, briefs or other writings which reveal, reflect or otherwise refer to any of the documents, materials, testimony or other information referred to above, shall be used solely for the purpose of prosecution or defense of this litigation and not for any other purpose whatsoever.

2.   Certain documents pertaining to Pacific Bell's former or current employees, including documents contained in the employees' personnel files, files maintained for attendance, and any other medical or employment-related documents or files, shall be deemed "Confidential."

3.   Additionally, any party producing documents or information ("the Producing Party") may designate as "Confidential" any other information which is not generally available to the public, or which a Producing Party has maintained in confidence, or the disclosure of which the Producing Party reasonably believes is likely to or would harm the business or invade the privacy of either the Producing Party, Pacific Bell's former or current employees, or the person, firm, partnership, corporation, or other organization from which the information was obtained.

4.   The "Confidential Information" identified in Paragraphs 2 and 3 shall collectively be referenced as "Protected Information."  Protected Information shall be treated as confidential unless the Court orders otherwise, or the Producing Party withdraws such designation.

5.   Protected Information designated as "Confidential" shall be marked with a CONFIDENTIAL stamp.  Any such stamp that is inadvertently omitted may be corrected by written notification to all counsel of record.  Deposition testimony may be designated as "Confidential" by an appropriate statement on the record at the time such testimony is given, or

may be marked as "Confidential" within sixty (60) days of receipt of the transcript by written notification to all counsel of record.

6.   Protected Information shall be held in strictest confidence and shall be kept securely by all designated counsel in this Action.  Protected Information shall be disclosed only to those persons identified in ¶ 7 below.  No individuals mentioned in ¶ 7, shall, for themselves or any other person or persons acting on their behalf, make more copies of any "Protected Information" or material than are reasonably necessary to conduct this litigation.

7.   Access to Protected Information or any information derived therefrom shall be limited to:

(a)   The Court, its employees, court reporters, the jury, and agreed upon mediators;

(b)   Counsel for the respective parties and employees or other clerical assistants of said counsel who are assisting in the prosecution of this litigation.  In the event counsel uses an outside copy service, said counsel is responsible for ensuring that the service does not violate the terms of this Confidentiality Agreement;

(c)   Experts and consultants (including independent experts and consultants and employees or clerical assistants of said experts) who are employed, retained or otherwise consulted by counsel for the purpose of analyzing data, conducting studies or providing opinions to assist in such litigation; and

(d)   Any other individual or entity as to whom counsel for the Producing Party and counsel for the party seeking to disclose the documents(s) identified above agree in writing.

8.   Prior to disclosure of Protected Information to any person identified in

Paragraphs 7(c) or 7(d), such person shall agree in advance to be bound by this Confidentiality Agreement by signing a copy of the attached Certification. Counsel for the relevant party shall keep the original of each executed Certification.

9. This Confidentiality Agreement shall be without prejudice to the right of a Producing Party to seek additional protection for any Protected Information and of a receiving party to seek more limited protection.

10. The designation of Protected Information as "Confidential" pursuant to this Confidentiality Agreement shall not be construed as a concession by the Producing Party that such information is relevant, material, or admissible as to any issue. Nothing in this Confidentiality Agreement shall be construed as waiving any objection to the production of evidence or to discovery requests, nor shall this Confidentiality Agreement be construed to require the production of any particular testimony, documents, evidence, or other information.

11. ~~At the time of filing a motion or brief with the Court involving Protected information, the submitting party will not file the documents in the public record, but shall lodge the materials with the Court under seal. Any affected party may then file a motion to seal, pursuant to Local Rule 39-141, within fifteen (15) court days after such lodging. Documents lodged under seal shall bear a legend stating that such materials shall be unsealed upon expiration of fifteen (15) court days, absent the filing of a motion to seal or Court order. All such materials shall be accepted by the Clerk of the Court for lodging and shall be maintained by the Clerk of the Court separate from the public records in this action and shall be released only upon further Order of the Court pursuant to Local Rule 39-141 regarding the Sealing of Documents. Where possible, only the Confidential portions of the filings with the Court shall be lodged under seal.~~

1  Where a party seeks to submit documents to the Court which have been designated
2  as Confidential Material, the submitting party shall move to file such documents under seal in
3  accordance with the pre-filing requirements of Local Rule 39-141.  No documents shall be sealed
4  without an order of the court.

6  12.  This Confidentiality Agreement shall remain in full force and effect until
7  modified, superseded or terminated by further order of this Court, and shall survive the
8  termination of this Action, provided, however, that this Confidentiality Agreement may be
9  amended by stipulation between the parties to this Action or upon regularly-noticed motions to
10  the Court.

12  13.  Except as otherwise agreed in writing by the Producing Party, at the
13  conclusion of this Action and any appeals herein, whether this Action be settled or otherwise
14  resolved in full prior to trial, or tried on the merits, all Protected Information  and all copies
15  thereof produced by any party in this Action or otherwise obtained from any party or non-party,
16  shall be promptly returned to the Producing Party or destroyed with the consent of the Producing
17  Party.

19  14.  The foregoing is without prejudice to the right of any party to apply to the
20  Court for: (a) a further protective order relating to any writing, whether or not it is identified
21  above; (b) an order amending or modifying this Confidentiality Agreement and Order; (c) an
22  order protecting against other discovery, or other use of the documents identified above; or (d) an
23  order permitting further production, discovery, disclosure or use of any documents, including
24  those identified above.
25  ///
26  ///
27  ///
28  ///

| | | |
|---|---|---|
| 1 | DATED:  November 3, 2008 | PAUL, HASTINGS, JANOFSKY & WALKER LLP |
| 2 | | J. AL LATHAM, JR. |
| | | THOMAS E. GEIDT |
| 3 | | ANNE NERGAARD |

By: _____/s/ Thomas E. Geidt_____
           THOMAS E. GEIDT

Attorneys for Defendant
PACIFIC BELL TELEPHONE COMPANY

DATED:  October 17, 2008        SHEA LAW OFFICES


By: _____/s/ Mary Shea Hagebols_____
           MARY SHEA HAGEBOLS

Attorneys for Plaintiffs
YELENA LEBEDCHIK, ERIC HOOKS, and
SVETLANA MELNIK

## ORDER

FOR GOOD CAUSE SHOWN, this Stipulated Confidentiality Agreement, as modified by the court, is hereby ordered into full force and effect.

DATED:  November 12, 2008

_____
EDMUND F. BRENNAN
U.S. MAGISTRATE JUDGE

1
2
3
4      I hereby certify my understanding that Protected Information is being provided to me
5  pursuant to the terms and restrictions of the Confidentiality Agreement dated _____, in
6  *Yelena Lebedchik, Eric Hooks, Svetlana Melnik, individually and on behalf of other similarly
7  situated, v. Pacific Bell Telephone Company*, Case No. 07-CV-00392-FCD (EFB).  I have been
8  shown that Confidentiality Agreement and have read it.  I agree to be bound by it.  I will not
9  reveal the Protected Information to anyone, except as allowed by the Confidentiality Agreement.
10 I will maintain all such Protected Information – including copies, notes, or other transcriptions
11 made therefrom – in a secure manner to prevent unauthorized access to it.  No later than thirty
12 (30) days after the conclusion of this action, I will return the Protected Information – including
13 copies, notes, or other transcriptions made therefrom – to the counsel who provided me with the
14 Protected Information.  I hereby consent to the jurisdiction of the United States District Court for
15 the Eastern District of California for the purpose of enforcing the Confidentiality Agreement.
16
17 Dated: _____
18
19 By: _____
20       Signature
21
22 By: _____
23       Printed Name
24
25
26
27
28