UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YELENA LEBEDCHIK, ERIC HOOKS, SVETLANA MELNIK, individually and on behalf of others similarly situated,<br><br>Plaintiffs,<br>v.<br><br>PACIFIC BELL TELEPHONE COMPANY, a California Corporation<br><br>Defendant. | Case No.: 2:07-CV-00392-FCD/EFB<br><br>**ORDER (1) PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT; (2) PROVISIONALLY CERTIFYING SETTLEMENT CLASSES; (3) APPROVING CLASS NOTICE, CLAIM FORM AND REQUEST FOR EXCLUSION PROCEDURE; (4) DIRECTING DISSEMINATION OF CLASS NOTICE; AND (5) SETTING A HEARING FOR FINAL APPROVAL OF THE SETTLEMENT** |

The parties to the above-captioned civil action ("Action"), Plaintiffs Yelena Lebedchik, Eric Hooks, Svetlana Melnik, individually and on behalf of others similarly situated ("Representative Plaintiffs") and Defendant Pacific Bell Telephone Company ("PACIFIC BELL") have agreed - subject to final approval following notice to the proposed Settlement Class - to settle the Actions upon the terms and conditions set forth in the Joint Stipulation of Settlement and Release Between Plaintiffs and PACIFIC BELL ("Settlement"), which was filed with the Court in connection with the present motion by Plaintiffs for an Order (1) Preliminarily Approving Class Action Settlement; (2) Provisionally Certifying Settlement Class; (3) Approving Class Notice, Claim Form and Request for Exclusion Procedure; (4) Directing Dissemination of Class Notice; and (5) Setting Hearing for Final Approval of the Settlement ("Plaintiffs' Motion").

Plaintiffs' Motion is unopposed by PACIFIC BELL and was submitted to this Court for review and approval on February 20, 2009. After considering Plaintiffs' Motion, the Settlement

Agreement, the record and proceedings herein, the Court finds, concludes, and hereby orders as follows[1]:

1. The Settlement is preliminarily approved as fair, reasonable, and adequate.

2. For purposes of determining whether the terms of the proposed Settlement should be finally approved as fair, reasonable and adequate, the following Classes are conditionally certified, for purposes of this Settlement only:

(a) *California-Law Class*: This class includes all individuals who worked for Pacific Bell in the State of California in the positions of Service Representative in the Consumer Markets Group ("CMG") or in Business Communications Services ("BCS"); Sales and Service Representative-Bilingual in CMG or BCS; Customer Representative in CMG; and/or Customer Representative-Bilingual in CMG ("Class Positions") between February 27, 2003 and the date of preliminary approval of the Settlement, excluding those who were eligible to file claims in the *Thompson, et al. v. AT&T, Inc.* ("*Thompson*") action and did not opt out of the *Thompson* action. Members of this class who file claims under this Settlement also will be resolving any and all FLSA claims that they may have.

(b) *FLSA Collective Class*: This class includes all persons who (i) held a Class Position in the State of California between October 16, 2005, or three years before they filed a Consent to Join form, whichever is earlier, and the date of preliminary approval of the Settlement; and (ii) did not file claims in the *Thompson* action.

Persons who are eligible to pursue both FLSA and California-law claims will be deemed for purposes of this Settlement to be members of the California-Law Class. The FLSA Collective Class shall consist of persons who are eligible to pursue FLSA claims only. There will be no duplication of payments for persons who are eligible to pursue both California-law and FLSA claims.

3. Plaintiffs Yelena Lebedchik, Eric Hooks, and Svetlana Melnik are appointed as representatives of the Settlement Class and the following Plaintiffs' counsel are designated as counsel for the Settlement Class ("Class Counsel"): Kershaw Cutter & Ratinoff, LLP, Shea Law Offices, and Law Offices of Ilona Brusil.

---

[1] Because oral argument will not be of material assistance, the court orders this matter submitted on the briefs. E.D.Cal.L.R. 78-230.

-1-

4. The Court also appoints Rust Consulting Inc., to act as Settlement Administrator to assist the parties in performing the following duties: (a) using the data provided by PACIFIC BELL to prepare the Claim Forms with the information for each Class Member; (b) mailing the Notice and Claim Forms to Class Members; (c) tracking and follow-up on returned Claim Forms and Requests to be Excluded; (d) notifying the parties of timely and untimely claims; (e) calculating the amounts due to each Class Member pursuant to the Settlement; (f) making payments to Class Members; (g) notifying the parties of and making determinations of any disputes regarding claims by the Class Members; and (h) reporting to the parties and the Court as required or appropriate.

5. Notice to the Class shall be provided in the manner described in the Settlement Agreement. The approved form of Class Notice and Claim Form are attached as exhibits to the Settlement Agreement.

6. The Court preliminarily finds that the dissemination of the Notice under the terms provided for in this Order constitutes the best notice practicable under the circumstances, and is due and sufficient notice for all purposes to all persons entitled to such notice, and fully satisfies the requirements of due process, the Federal Rules of Civil Procedure, and all other applicable laws. Prior to the final settlement approval hearing, a declaration shall be filed with the Court confirming that Notice was given in accordance with the terms of this Order.

7. A hearing shall be held on October 2, 2009, at 10:00 a.m., in Courtroom 2 of the United States District Court for the Eastern District of California ("Final Approval Hearing") to determine whether the proposed Settlement should be finally approved as fair, reasonable, and adequate, and whether a Final Order and Judgment approving the Settlement and dismissing all claims asserted in the Action on the merits, with prejudice and without leave to amend, should be entered. Plaintiffs' briefs and papers in support of final approval, the request for incentive awards and the request for an award of attorneys' fees, costs and expenses shall be served and filed with the Court by August 24, 2009. The Final Approval Hearing described in this paragraph may be postponed, adjourned, transferred or continued by the Court without further

notice to the Settlement Class. Upon motion of any party, the Court may, for good cause, extend any of the deadlines set forth in this Order without further notice to the Settlement Class.

8. Objections to the proposed Settlement shall be heard, and the Court shall consider any papers or briefs submitted in support of said objections, in its discretion, only if they comply with the objection procedures set forth in the Notice. Specifically, members of the Class who wish to object to the Settlement must file any such objection with the Clerk of the Court not later than June 22, 2009, and provide a copy of the objection to Class Counsel and to counsel for PACIFIC BELL as set forth in the Settlement Agreement and Notice. Any objection must: (1) contain the objector's name and address; (2) be signed by the objector; (3) include reference to the matter of *Lebedchik, et al. v. Pacific Bell Telephone Company*, Case Number 2:07-CV-00392-FCD/EFB; (4) include a statement of whether the objector intends to appear at the Final Approval Hearing; and (5) provide an explanation of the basis for the objection. Any Class Member who does not so request to object waives the right to do so in the future, and shall be forever barred from making any objection to the proposed Settlement by appearing at the Final Approval Hearing, appeal, collateral attack, or otherwise.

9. All requests for exclusion from the Settlement Class must be in writing and must comply with the provisions of and contain the information requested as set forth in the Settlement Agreement and Notice and, to be effective, must be submitted no later than June 22, 2009. Class Counsel, with the cooperation of counsel for PACIFIC BELL, is responsible for reporting to the Court at the Final Approval Hearing regarding the number and status of any requests for exclusion. All persons who file timely and valid requests for exclusion in the manner set forth in the Notice shall have no rights under the Settlement, and shall not share in the distribution of Settlement funds, but shall not be bound by the Settlement Agreement or any final judgment and order of dismissal entered pursuant to the Settlement Agreement. All Class Members who do not request exclusion in the manner set forth in the Notice shall be bound by any final judgment and order of dismissal entered pursuant to the Settlement Agreement, shall be barred and enjoined, now and in the future, from asserting any and all California law wage

-3-

and hour claims, as defined in the Settlement Agreement, against the "Released Parties," as defined in the Settlement Agreement, and any such Settlement Class Member shall be conclusively deemed to have released any and all such California law wage and hour claims.

10. The certification of the Settlement Class shall be for settlement purposes only and shall not constitute, nor be construed as, an admission on the part of PACIFIC BELL that this Action, or any other proposed or certified class action is appropriate for class treatment pursuant to Federal Rule of Civil Procedure 23 or any other similar class action statute or rule. The certification is without prejudice to the rights of PACIFIC BELL to: (a) seek decertification or modification of the Settlement Class as certified should the settlement not be approved or implemented for any reason; or (b) terminate the proposed Settlement as provided for in the Settlement Agreement.

11. The proposed Settlement is hereby preliminarily approved, but is not to be deemed an admission of liability or fault by PACIFIC BELL or by any other person, or a finding of the validity of any claims asserted in this litigation, or of any wrongdoing or of any violation of law by PACIFIC BELL. The proposed Settlement is not a concession and shall not be used as an admission of any fault or omission by PACIFIC BELL or any other person or entity. Neither the terms of the Settlement nor any related document shall be offered or received in evidence in any civil, criminal, or administrative action or proceeding, other than such proceedings which may be necessary to consummate or enforce the terms of the Settlement, except that PACIFIC BELL may file this Order in any action that may be brought against it in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

12. In the event that the proposed Settlement as provided in the Settlement Agreement is not approved by the Court, or for any reason the parties fail to obtain a Final Approval as contemplated in the Settlement Agreement, or the Settlement Agreement is terminated pursuant to its terms, then the Settlement Agreement and actions taken in connection

-4-

therewith, including but not limited to entry of this Order, shall become null and void and of no further force and effect, and shall not be used or referred to for any purposes whatsoever. In such event, the Settlement Agreement and all negotiations and proceedings relating thereto shall be withdrawn without prejudice as to the rights of any and all parties thereto, who shall be restored to their respective positions prior to execution of the Settlement Agreement.

13. It is hereby ordered that all proceedings in this Action shall be stayed, except such actions as may be necessary to implement the Settlement Agreement and this Order, pending further proceedings in connection with the effectuation of the proposed Settlement.

14. In sum, the dates for performance are as follows:

| Date | Event |
|---|---|
| March 27, 2009 | Preliminary Approval of Settlement. |
| April 16, 2009 | Deadline for PACIFIC BELL to provide Class Counsel and the Settlement Administrator (Rust Consulting, Inc. ["RUST"]) a list of all provisional class members and their last known addresses, if practicable. |
| May 6, 2009 | Rust shall mail Notice and Claim Forms to all Class Members. |
| June 22, 2009 | Deadline for written objections to the Settlement or notice of intention to appear and object at Final Approval Hearing. |
| June 22, 2009 | Deadline for submission of request to be excluded from the Settlement. |
| August 6, 2009 | Deadline for submission of Claim Forms. |
| August 24, 2009 | Deadline for parties to file and serve joint motion for final approval of Settlement, and for Plaintiffs to file request for service payments and the request for an award of attorneys' fees, costs and expenses. |
| September 18, 2009 | Deadline for filing of any written opposition to the joint motion for final approval of Settlement and to Plaintiffs' request for service payments |

-5-

|   |   |
|---|---|
|   | and for an award of attorneys' fees, costs and expenses. |
| September 25, 2009 | Deadline for Claims Administrator to submit declaration of compliance, reporting on the due diligence undertaken with regard to the mailing of Notice and the number of opt-out class members. |
| October 2, 2009 | Final approval hearing. |

IT IS SO ORDERED:

Date: March 27, 2009

_____
FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE