| | |
|---|---|
| 1 | C. BROOKS CUTTER (SB# 121407) |
| | LYLE W. COOK (SB# 148914) |
| 2 | KERSHAW, CUTTER & RATINOFF |
| | 401 Watt Avenue |
| 3 | Sacramento, CA 95864 |
| | Telephone: (916) 448-9800 |
| 4 | Facsimile: (916) 669-4499 |

<table>
<tr><td>1</td><td>C. BROOKS CUTTER (SB# 121407)<br>LYLE W. COOK (SB# 148914)</td><td>J. AL LATHAM, JR. (SB# 71605)<br>THOMAS E. GEIDT (SB# 80955)</td></tr>
<tr><td>2</td><td>KERSHAW, CUTTER & RATINOFF<br>401 Watt Avenue</td><td>PAUL, HASTINGS, JANOFSKY & WALKER LLP<br>55 Second Street</td></tr>
<tr><td>3</td><td>Sacramento, CA 95864<br>Telephone: (916) 448-9800</td><td>Twenty-Fourth Floor<br>San Francisco, CA 94105</td></tr>
<tr><td>4</td><td>Facsimile: (916) 669-4499</td><td>Telephone: (415) 856-7000<br>Facsimile: (415) 856-7100</td></tr>
<tr><td>5</td><td>ILONA BRUSIL (SB # 244723)<br>LAW OFFICES OF ILONA BRUSIL</td><td>Attorneys for Defendant</td></tr>
<tr><td>6</td><td>2095 Van Ness Avenue<br>San Francisco, CA 94109</td><td>PACIFIC BELL TELEPHONE COMPANY</td></tr>
<tr><td>7</td><td>Telephone: (415) 775-1793<br>Facsimile: (415) 775-1308</td><td></td></tr>
<tr><td>8</td><td></td><td></td></tr>
<tr><td>9</td><td>MARY SHEA HAGEBOLS (SB #113222)<br>SHEA LAW OFFICES</td><td></td></tr>
<tr><td>10</td><td>425 Market Street, Suite 2200<br>San Francisco, CA 94105</td><td></td></tr>
<tr><td>11</td><td>Telephone: (510) 208-4422<br>Facsimile: (415) 520-9407</td><td></td></tr>
<tr><td>12</td><td>Attorneys for Plaintiffs,<br>YELENA LEBEDCHIK, et al.</td><td></td></tr>
<tr><td>13</td><td></td><td></td></tr>
</table>

14                   UNITED STATES DISTRICT COURT

15                   EASTERN DISTRICT OF CALIFORNIA

<table>
<tr><td>16</td><td>YELENA LEBEDCHIK, ERIC HOOKS,<br>SVETLANA MELNIK, individually and</td><td>CASE NO. 2:07-CV-00392-FCD (EFB)</td></tr>
<tr><td>17</td><td>on behalf of others similarly situated,</td><td><strong>STIPULATION AND ORDER</strong></td></tr>
<tr><td>18</td><td>Plaintiffs,</td><td></td></tr>
<tr><td>19</td><td>vs.</td><td></td></tr>
<tr><td>20</td><td>PACIFIC BELL TELEPHONE<br>COMPANY, a California corporation,</td><td></td></tr>
<tr><td>21</td><td>Defendant.</td><td></td></tr>
<tr><td>22</td><td></td><td></td></tr>
</table>

23

24       The parties having the revised the Notice and Claim Form in the above-captioned

25 matter, and stipulated to the changes to the Notice and Claim Form, attached hereto as Exhibit

26 A, the parties hereby submit the revised Claim Form and Notice, and ask that the Court enter an

27 Order approving the Notice and Claim Form for dissemination to the Class.

28

CASE NO. 2:07-CV-00392-FCD (EFB)       1       STIPULATION AND ORDER

1  SO STIPULATED.

2  DATED: April 23, 2009        KERSHAW, CUTTER & RATINOFF
3                               SHEA LAW OFFICES
                                LAW OFFICES OF ILONA BRUSIL
4                               By: /s/
                                _____
5                               C. BROOKS CUTTER
                                Attorneys for Plaintiffs YELENA LEBEDCHIK, ERIC
6                               HOOKS, and SVETLANA MELNIK and the Class

7  DATED: April 23, 2009        PAUL, HASTINGS, JANOFSKY & WALKER LLP
                                J. AL LATHAM, JR.
8                               THOMAS E. GEIDT

9                               By: /s/
                                _____
10                              THOMAS E. GEIDT
                                Attorneys for Defendant PACIFIC BELL TELEPHONE
11                              COMPANY

12

13                                    **ORDER**

14       The Court hereby approves the Notice and Claim Form attached hereto as Exhibit A for

15  dissemination to the Class in the above-captioned matter.

16

17  **IT IS SO ORDERED.**

18  Dated: April 24, 2009

19
                                _____
20                              FRANK C. DAMRELL, JR.
                                UNITED STATES DISTRICT JUDGE
21

22

23

24

25

26

27

28
    CASE NO. 2:07-CV-00392-FCD (EFB)              STIPULATION AND ORDER

EXHIBIT A

8       UNITED STATES DISTRICT COURT

9       EASTERN DISTRICT OF CALIFORNIA

10

11   YELENA LEBEDCHIK, ERIC HOOKS,              CASE NO. 2:07-CV-00392-FCD (EFB)
     SVETLANA MELNIK, individually and on
12   behalf of others similarly situated,          **NOTICE OF PROPOSED SETTLEMENT**
                                                    **OF CLASS ACTION, CONDITIONAL**
13              Plaintiffs,                         **CERTIFICATION OF SETTLEMENT**
                                                    **CLASS, PRELIMINARY COURT**
14        vs.                                       **APPROVAL OF SETTLEMENT, AND**
                                                    **HEARING DATE FOR FINAL COURT**
15   PACIFIC BELL TELEPHONE COMPANY,               **APPROVAL**
     a California corporation,
16
                Defendant.
17

| | |
|---|---|
| 1 | **To:** **Certain persons who worked for Pacific Bell in California between February 27, 2003 and March 27, 2009, in any of these positions:** |
| 2 | |
| 3 | • **Service Representative in the Consumer Markets Group ("CMG") or in Business Communications Services ("BCS");** |
| 4 | • **Sales and Service Representative–Bilingual in CMG or BCS;** |
| 5 | • **Customer Representative in CMG;** |
| 6 | • **and/or Customer Representative- Bilingual in CMG** |
| 7 | **(the "Class Positions").[1]** |

**Please read this notice carefully. It may affect your legal rights to claim additional compensation arising out of your employment by Pacific Bell.**

**If you wish to receive money under this Settlement, you must fill out and sign the attached simple Claim Form and Consent to Join Collective Action ("Claim Form") and return it to the Settlement Administrator on or before August 6, 2009.**

**If you do not want to participate in the Settlement, you must complete and return a request to be excluded from the Settlement on or before June 22, 2009, or else you will be bound by the Settlement to the extent that it releases your claims under California wage-and-hour law.**

**If you wish to object to the Settlement, you must follow the directions in this Notice.**

**Enclosed with this notice is a Claim Form which tells you the number of work weeks you worked within the class period according to Pacific Bell's records. The Claim Form has an estimate of your settlement share, based on the number of work weeks you have worked in a class position. Your actual settlement share may be higher or lower than shown. Please review the information about your work weeks in the Claim Form to confirm that it is accurate.**

---

[1] As explained more fully below, this Settlement addresses certain wage-and-hour issues under federal law ("the FLSA") and under California state law, and the Settlement defines classes of employees covered by each. The Settlement excludes from the California-law class those persons who were eligible to file claims in an earlier case, *Thompson v. AT&T, Inc.* (the *"Thompson"* action), and who did not opt out of the *Thompson* action. The Settlement includes in the FLSA class those persons who worked for Pacific Bell in Class Positions in California between October 16, 2005 (or three years before they filed a Consent to Join form, whichever is earlier) and March 27, 2009, and who did not file a claim in the *Thompson* action.

A proposed settlement (the "Settlement") has been reached between Plaintiffs Yelena Lebedchik, Svetlana Melnik, and Eric Hooks ("Plaintiffs") and Defendant Pacific Bell Telephone Company ("Pacific Bell") in the class action brought on behalf of the people with the jobs described above (the "Class" or "Class Members"). The Court has preliminarily approved the Settlement and conditionally certified the Class for purposes of the Settlement only. You have received this notice because Pacific Bell's records show that you are a member of the Class. This notice is designed to inform you of how you can make a claim under the Settlement, object to the Settlement, or elect not to participate in the Settlement. This Settlement releases claims under the federal Fair Labor Standards Act ("FLSA") and California wage-and-hour laws. If the Settlement is finally approved by the Court, but if you do not timely complete and submit a Claim Form, you will not get your share of the Settlement. If you do not timely submit a request to be excluded from the Settlement, the Settlement will be binding upon you, even if you object to the Settlement, to the extent the Settlement covers claims arising under California wage-and-hour law.

## 1. BACKGROUND OF THE CASE

On February 27, 2007, Plaintiff Yelena Lebedchik, a Pacific Bell Customer Representative, filed a class action complaint against Pacific Bell on her own behalf and on behalf of others similarly situated, seeking an award of back pay for non-payment of wages and overtime wages and penalties (including, but not limited to, recordkeeping penalties, minimum wage penalties, and waiting time penalties) under the FLSA, California Labor Code, and California Business and Professions Code. Plaintiff Lebedchik later amended the complaint to add Svetlana Melnik and Eric Hooks as named plaintiffs.

Specifically, Plaintiffs' Second Amended Complaint (the "Complaint" or the "Lawsuit") claims that Pacific Bell violated the FLSA, California Labor Code and California Business and Professions Code by, among other things, failing to pay certain call center employees for time spent logging on to their computers and doing other pre-shift and post-shift activities, and failing to provide proper meal periods and rest breaks. The Complaint seeks an award of backpay, penalties, liquidated damages, prejudgment interest, attorneys' fees and costs.

-2-

1    Pacific Bell answered the Complaint on October 15, 2007. Its Answer denies

2    Plaintiffs' material claims, maintains that the Court should not certify the class action proposed

3    by Plaintiffs, and raises various defenses to Plaintiffs' claims.

4    The case has been actively litigated since it was filed. There has been extensive

5    pre-trial discovery and a full exchange of documents and data. Both sides have fully investigated

6    the facts. In recent months, the parties have participated in extensive settlement discussions,

7    including a full-day mediation before an experienced third-party mediator in San Francisco. At

8    the mediation, the parties reached a settlement of the claims, subject to the Court's approval.

9    The Settlement represents a compromise of highly-disputed claims. Nothing in the

10    Settlement is intended or to be construed as an admission by Pacific Bell that Plaintiffs' claims

11    have merit or that Pacific Bell bears any liability to Plaintiffs or the Class.

12    Plaintiffs and Pacific Bell, and each of their counsel, have concluded that the

13    Settlement is advantageous, considering the risks and uncertainties to each side of continued

14    litigation. Class Counsel have further determined that the Settlement is fair, reasonable, and

15    adequate and is in the best interests of the Class Members.

16    As a Class Member, you will share in the Settlement proceeds if you submit a

17    valid and timely Claim Form. Regardless of whether you submit a Claim Form, you will be

18    bound by the provisions of the Settlement pertaining to California wage-and-hour law unless you

19    elect not to participate by timely submitting a letter to the Settlement Administrator requesting to

20    be excluded from the Settlement. However, Class Members who do nothing—do not file claims

21    or requests for exclusion—will not be releasing their claims under the FLSA.

22

23

24

25

26

27

28

-3-

## 2. **SUMMARY OF THE SETTLEMENT**

### a. **Who is included in the Settlement?**

This Settlement covers people who have worked for Pacific Bell in the State of California in the positions of Service Representative in the CMG or in BCS; Sales and Service Representative-Bilingual in CMG or BCS; Customer Representative in CMG; and/or Customer Representative-Bilingual in CMG. The Settlement provides for two sub-classes. You are eligible to be included in one of the sub-classes (the "California-law" class) if you held a Class Position between February 27, 2003 and March 27, 2009 (the date of the Court's preliminary approval of the Settlement), unless you were eligible to file a claim in the *Thompson* action and you did not opt out of the *Thompson* action. You are eligible to be included in the other sub-class (the "FLSA" class) if you held a Class Position between October 16, 2005, or three years before you filed a Consent to Join form, whichever is earlier, and March 27, 2009, and you did not file a claim in the *Thompson* action. If you fall within either or both sub-classes you will only receive a single payment. The parties estimate that there are approximately 2,700 eligible Class Members in both classes combined.

### b. **What will I receive from the Settlement?**

Under the Settlement, Pacific Bell will pay a maximum of $1,500,000. The net amount available for distribution to the class ("Net Settlement Amount") is estimated to be $977,500, after attorneys' fees, costs, and certain other payments are deducted from this maximum payment, as explained below. For the period of time from the beginning of the respective class periods through April 19, 2008, the Settlement Administrator will determine a dollars-per-week amount to be paid to each Class Member by dividing the total compensable workweeks worked by all Class Members through the workweek ending April 19, 2008, into the Net Settlement Amount. Pacific Bell will pay to each Class Member who submits a valid claim ("Claimant") a gross amount that is equal to the number of compensable workweeks worked by the Claimant, multiplied by this dollars-per-week sum.

In mid-April 2008, Pacific Bell instituted a technological restriction that has prevented employees from logging on to their computers prior to the start of their paid shifts. For

-4-

1  the period of time after April 19, 2008, Pacific Bell has agreed to pay an additional sum of
2  $75,000 to Claimant who have been employed in a Class Position after April 19, 2008, covering
3  the workweeks from April 20, 2008, through the date of preliminary approval of the Settlement,
4  March 27, 2009. This payment will be funded from the first $75,000 of residual unclaimed
5  amounts out of the Net Settlement Amount.

6  Each Claimant's settlement payment ("Settlement Share") for the workweeks
7  before and after April 19, 2008, will be combined into a single gross payment, from which
8  applicable payroll and tax withholdings will be made, as described below. The amount that the
9  parties estimate you will receive is reflected on the attached Claim Form.

10  **c.  How will I receive a payment under this Settlement?**

11  IF YOU WANT TO RECEIVE MONEY UNDER THIS SETTLEMENT, YOU
12  MUST SUBMIT A CLAIM FORM WITHIN THE DEADLINE. As explained in more detail
13  below, if you file a Claim Form, you will be waiving wage-and-hour claims that you may have
14  against Pacific Bell under federal and California law. If you submit a timely request to be
15  excluded from this Settlement, you will not be waiving your right to pursue any claims against
16  Pacific Bell under federal or California law. If you do nothing—that is, you do not file a Claim
17  Form or request to be excluded—you will be waiving wage-and-hour claims that you may have
18  against Pacific Bell under California law but not under federal law.

19  **d.  When will I receive my Settlement Share?**

20  The Settlement Shares will be paid after final court approval of the Settlement and
21  after all rights to appeal or review are exhausted, or any appeal or review has been resolved in
22  favor of the Settlement.

23  **e.  How do I exclude myself from the Settlement?**

24  You may be excluded from the Settlement if you complete and submit by the
25  deadline a letter to the Settlement Administrator clearly stating that you wish to be excluded from
26  the Settlement. If you do not timely submit a request to be excluded, you will be bound by the
27  provisions of the Settlement relating to California wage-and-hour law claims, even if you object
28  to the Settlement. However, Class Members who do not file claims will not be releasing their

-5-

1  claims under the FLSA.

2  **f.  How do I dispute the workweek information listed in my Claim Form?**

3  Enclosed with this notice is your Claim Form, which sets forth the number of

4  workweeks you worked within the class period, according to Pacific Bell's records, and provides

5  an estimate of your Settlement Share, assuming that the Court finally approves the Settlement as

6  now proposed by the parties. Your actual Settlement Share may end up being be higher or lower

7  than estimated.

8  The Court has appointed Rust Consulting, Inc. to act as an independent Settlement

9  Administrator and to resolve any disputes concerning the calculation of a Class Member's

10 entitlement to a Settlement Share. If you disagree with the information shown on your Claim

11 Form about your workweeks, you must ask the Settlement Administrator to resolve the matter. In

12 order to do so, you must communicate in writing to the Settlement Administrator, by the deadline

13 set forth on the Claim Form, the fact that you wish to challenge the information on the Claim

14 Form and the basis for your claim that you worked a different number of workweeks, attaching

15 any documentary evidence that you may have to support your contention. In the event of such a

16 dispute, Pacific Bell will manually review its payroll and personnel records to verify the correct

17 number of your workweeks. Pacific Bell's records will have a rebuttable presumption of

18 correctness. After considering your information and consulting with Class Counsel and Pacific

19 Bell, the Settlement Administrator will make a determination as to the number of your

20 compensable workweeks, and that determination will be final and binding on you and on Pacific

21 Bell, and will be non-appealable.

22 **g.  What claims are being released as part of the Settlement?**

23 The named Plaintiffs and the Class Members (other than those who file a request

24 to be excluded from the Settlement) will be releasing, to the fullest extent permitted by law, all

25 known and unknown claims they may have against Pacific Bell, and its present and former

26 parents, subsidiaries, and affiliated companies, arising from, or in any way related to, allegations

27 of having not been paid all wages owed in accordance with California or federal law, including

28 but not limited to any and all claims, known or unknown, for "off-the-clock," straight time,

-6-

1   minimum, and overtime wages; payments for alleged meal and rest period violations; any and all

2   penalties, including but not limited to recordkeeping penalties, pay stub penalties, minimum wage

3   penalties, and waiting time penalties; interest; and attorneys' fees and costs, up to and including

4   the date of final court approval of the Settlement. The claims released by the Class Members

5   (other than those who request to be excluded from the Settlement) will include, but not be limited

6   to, all claims of the foregoing nature that arise under federal, state and local law, including but not

7   limited to the California Labor Code, California Business and Professions Code section 17200,

8   the California Private Attorneys General Act of 2004, the California Industrial Welfare

9   Commission Wage Orders, and the federal FLSA; provided, however, that Class Members who

10   do not file claims will not be releasing their claims under the FLSA.

11                By granting their respective releases of claims, Class Members who worked for

12   Pacific Bell in California will release all claims encompassed by their releases, whether known or

13   unknown by them, and regardless of whether they later discover facts in addition to or different

14   from those that they now know or believe to be true with respect to the subject matter of their

15   releases. Therefore, they will expressly waive and relinquish the provisions, rights and benefits

16   of section 1542 of the California Civil Code, which reads:

17
18         A general release does not extend to claims which the creditor [employee] does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor [employer].
19

20         **h.**    **Class Representative Payment.**

21                In addition to their shares as Class Members, the three lead Plaintiffs—Yelena

22   Lebedchik, Eric Hooks and Svetlana Melnik—will seek approval from the Court for payments of

23   $7,500 to each of them for their services as Class Representatives. Pacific Bell will make this

24   payment out of the maximum settlement amount of $1,500,000.

25         **i.**    **Class Counsel's Fees and Expenses.**

26                As part of the final approval hearing, Class Counsel will request a total of

27   $500,000 for their attorneys' fees and litigation costs and expenses that were advanced in

28   connection with this lawsuit, representing approximately $85,000 in out-of-pocket costs and

-7-

1 | $415,000 in fees. Class Members are not personally liable for any fees or costs. These amounts
2 | are full and complete compensation for all legal fees and litigation costs and expenses of all Class
3 | Counsel, including costs and expenses resulting from experts and other vendors retained by Class
4 | Counsel in connection with the litigation and all work done through the completion of the
5 | litigation, whatever date that may be. Class Members will not be required to pay Class Counsel
6 | for any other attorneys' fees or litigation costs or expenses out of their own pockets if the
7 | Settlement Agreement and the fee request are finally approved by the Court. Class Counsel's
8 | attorneys' fees and litigation costs and expenses as approved by the Court will be paid out of the
9 | maximum settlement amount. Class Members, Class Counsel, and the Class Representatives are
10 | not liable for payment of attorneys' fees and litigation costs and expenses incurred by Pacific
11 | Bell, and no such payments will be made to Pacific Bell or their counsel from the Settlement.

12 | **j.    Payment to LWDA.**

13 | Pacific Bell will pay the sum of $15,000 to the State of California Labor and
14 | Workforce Development Agency ("LWDA") as its share of the settlement attributable to
15 | Plaintiffs' claim for civil penalties under the Private Attorneys General Act ("PAGA"). Pacific
16 | Bell will make this payment separately, over and beyond the amount allocated for the maximum
17 | settlement payment.

18 | **k.    Costs of Administration.**

19 | Pacific Bell will separately pay the reasonable costs of administering the
20 | Settlement, including the Settlement Administrator's fees and expenses.

21 | **3.    PLAINTIFFS AND CLASS COUNSEL SUPPORT THE SETTLEMENT.**

22 | Plaintiffs, as the Class Representatives, and Class Counsel support this Settlement.
23 | The heart of the case involved a few minutes of computer log-on time pre-shift, which has now
24 | been corrected. The per-person compensation is therefore fair. Other reasons include the risk of
25 | denial of class certification, the risk of an unsuccessful outcome on the merits of Plaintiffs'
26 | claims, and the inherent delays and uncertainties associated with litigation of this type. Based on
27 | their experience litigating similar cases, Class Counsel believe that further proceedings in this
28 | case, including a trial and probable appeals, would be very expensive and protracted. No one can

-8-

1  confidently predict how the various legal questions at issue, including the amount of damages,

2  would ultimately be resolved. Therefore, upon careful consideration of all of the facts and

3  circumstances of this case, Class Counsel believe that the Settlement is fair, reasonable, and

4  adequate.

5  ## 4. WHAT ARE YOUR RIGHTS AS A CLASS MEMBER?

6  ### a. Participating in the Settlement

7  Plaintiffs as Class Representatives and Class Counsel represent your interests as a

8  Class Member. Unless you request to be excluded from the settlement, you are a part of the

9  Class, you will be bound by the terms of the Settlement and any final judgment that may be

10  entered by the Court, and you will be deemed to have released these claims against Pacific Bell

11  and the other released parties described above, even if you do not submit a Claim Form and

12  receive a share of the Settlement (except that you will not be bound by FLSA claims if you do not

13  file a Claim Form). As a member of the Class, you will not be responsible for the payment of

14  attorneys' fees or reimbursement of litigation expenses unless you retain your own counsel, in

15  which event you will be responsible for your own attorneys' fees and expenses.

16  ### b. Objecting to the Settlement.

17  You may object to the Settlement before final approval by filing a written

18  objection and/or filing a notice of your intent to appear and object at the final approval hearing. If

19  the Court rejects your objection, however, you will be bound by the terms of the Settlement.

20  Therefore, even if you object to the Settlement, you should submit a Claim Form in order to

21  receive a share of the Settlement. Persons who exclude themselves from the Settlement may not

22  submit objections to the Settlement or appear at the final approval hearing. To object to the

23  Settlement, you must send a written notice of your objection to the Court and to counsel at the

24  addresses shown below. If you also intend to appear at the final approval hearing to voice your

25  objection, you must indicate in the notice of your objection that you intend to appear at the

26  hearing.

27  Send your notice to:

28

-9-

| | |
|---|---|
| 1 | |
| 2 | Clerk of the Court<br>United States District Court, Eastern District of California<br>501 I Street #4-200 |
| 3 | Sacramento, California 95814 |

Also send copies of your notice to the parties' counsel as shown below:

| **CLASS COUNSEL** | **PACIFIC BELL'S COUNSEL** |
|---|---|
| C. Brooks Cutter (SB# 121407)<br>J.R. Parker<br>Kershaw, Cutter & Ratinoff<br>401 Watt Avenue<br>Sacramento, CA 95864<br>Telephone: (916) 448-9800<br>Facsimile: (916) 669-4499 | J. Al Latham, Jr. (SB# 71605)<br>Thomas E. Geidt (SB# 80955)<br>Paul, Hastings, Janofsky & Walker LLP<br>55 Second Street<br>Twenty-Fourth Floor<br>San Francisco, CA 94105 |
| Mary Shea Hagebols (SB #113222)<br>Shea Law Offices<br>425 Market Street, Suite 2200<br>San Francisco, CA 94105<br>Telephone: (510) 208-4422<br>Facsimile: (415) 520-9407 | Attorneys for Defendant<br>PACIFIC BELL TELEPHONE COMPANY |
| Ilona Brusil (SB # 244723)<br>Law Offices of Ilona Brusil<br>2095 Van Ness Avenue<br>San Francisco, CA 94109<br>Telephone: (415) 775-1793<br>Facsimile: (415) 775-1308 | |
| Attorneys for Plaintiffs,<br>YELENA LEBEDCHIK, et al. | |

## DO NOT TELEPHONE THE COURT OR PACIFIC BELL'S COUNSEL.

Any written objection and/or notice of your intent to appear at the hearing must state each specific reason in support of your objection and any legal support for each objection. Your written objection and/or notice of your intent to appear at the hearing must also state your full name, address, and the dates of your employment in a Class Position at Pacific Bell.

To be valid and effective, the Court and Counsel must receive any written objections and/or notices of intent to appear at the hearing not later than June 22, 2009. A Class Member who fails to file and serve a written objection in the manner described above and by the

-10-

specified deadline will be deemed to have waived any objections and will be foreclosed from making any objection to the Settlement, whether by appeal or otherwise.

### d. Disputing the Number of Workweeks on Your Claim Form.

If you wish to dispute the number of workweeks shown on your Claim Form, state on the form what you contend is your correct number of workweeks and mail or fax the corrected Claim Form with any documentation you have to support your correction to the Settlement Administrator to the following address:

> Pacific Bell/Lebedchik Settlement Administrator
> c/o Rust Consulting, Inc.
> P.O. Box 1228
> Minneapolis, MN 55440-1228

### e. Excluding Yourself from the Settlement.

If you do not wish to participate in the Settlement, you must send a letter to the Settlement Administrator clearly stating that you wish to be excluded from the Settlement. You must sign, date and send this letter to the Settlement Administrator, postmarked by no later than June 22, 2009. Class Members who fail to submit a request for exclusion by this deadline will be bound by all terms and conditions of the Settlement and the Judgment with regard to the California wage-and-hour claims if the Settlement is approved by the Court.

Any person who files a timely request for exclusion will, upon receipt, no longer be a member of the Settlement Class and will not be eligible to receive a share of the Settlement or file objections to the Settlement. Any such person, at his or her own expense, may pursue any claims he or she may have against Pacific Bell.

Send your request for exclusion to the Settlement Administrator at the following address:

> Pacific Bell/Lebedchik Settlement Administrator
> c/o Rust Consulting, Inc.
> P.O. Box 1228
> Minneapolis, MN 55440-1228

### 5. HEARING ON FINAL APPROVAL OF THE SETTLEMENT

The Court will hold a final approval hearing on October 2, 2009, at 10:00 a.m. in

-11-

1   Courtroom 2 of the United States District Court for the Eastern District of California, 501 I Street

2   #4-200, Sacramento, California 95814, to determine whether the settlement should be finally

3   approved as fair, reasonable, and adequate. At this hearing, the Court also will be asked to

4   approve the requests for the Class Representative Payments and the Class Counsel's attorneys'

5   fees and expenses.

6           The hearing may be postponed without further notice to the Class. **It is not**

7   **necessary for you to appear at this hearing. If you have given notice of your objection to the**

8   **Settlement, you may appear at the hearing at your option, so long as you have filed a notice**

9   **of intent to appear by June 22, 2009.**

10  6.      **GETTING MORE INFORMATION**

11          The above is a summary of the basic terms of the Settlement. For any questions

12  you may have, you may contact Class Counsel at the contact information listed above. For the

13  precise terms and conditions of the Settlement, you are referred to the detailed Settlement

14  Agreement, which is on file with the Clerk of the Court. The pleadings and other records in this

15  litigation, including the Settlement Agreement, may be examined online through the Public

16  Access to Court Electronic Resources system, known as "PACER," at

17  https://ecf.caed.uscourts.gov/cgi-bin/ShowIndex.pl, or in person at the Office of the Clerk at the

18  United States Federal Court at 501 I Street #4-200, Sacramento, California 95814 between the

19  hours of 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays, or you may

20  contact Class Counsel or the Settlement Administrator. **PLEASE DO NOT TELEPHONE**

21  **THE COURT OR PACIFIC BELL'S COUNSEL FOR INFORMATION REGARDING**

22  **THIS SETTLEMENT OR THE CLAIM PROCESS.**

23  Dated: May 6, 2009.

24                                  ___/s/_____
25                                          Hon. Frank C. Damrell, Jr.
                                            U.S. District Court Judge
26

27

28

                                            -12-

## CLAIM FORM AND CONSENT TO JOIN FLSA COLLECTIVE ACTION

- 000

<<NAME>>
<<ADDRESS>>
<<CITY>> <<STATE>> <<ZIPCODE>>

Name/Address Changes, if any:

_____

_____

_____

( __ __ __ ) __ __ __ - __ __ __ __
Home Telephone Number

**IF YOU WANT TO RECEIVE MONEY UNDER THIS SETTLEMENT IN *LEBEDCHIK V. PACIFIC BELL TELEPHONE COMPANY*,
YOU MUST DATE AND SIGN THIS CLAIM FORM AND MAIL IT, POSTMARKED NO LATER THAN AUGUST 6, 2009, TO:**

Pacific Bell/Lebedchik Settlement Administrator
c/o Rust Consulting, Inc.
P.O. Box 1228
Minneapolis, MN 55440-1228
1 (800) 874-5203
Fax: (612) 359-2050

## INSTRUCTIONS

1. You must complete, sign and fax or mail this Claim Form in order to be eligible for a monetary recovery. Due to taxing authority requirements, you must include your social security number in the space provided below.

2. If you move, please send the Settlement Administrator your new address. It is your responsibility to keep a current address on file with the Settlement Administrator.

3. If you wish to challenge the employment data below, you must submit your challenge by August 6, 2009.

**BASED ON THE SETTLEMENT FORMULA,
IT IS ESTIMATED THAT THE GROSS AMOUNT YOU WILL RECEIVE IF YOU FILE A CLAIM IS $<<award>>.**

Pacific Bell's records show that during the dates set forth below, you held one or more of the following position(s) in the State of California: (1) Service Representative in the Consumer Markets Group ("CMG") or in Business Communications Services ("BCS"); (2) Sales and Service Representative-Bilingual in CMG or BCS; (3) Customer Representative in CMG; and/or (4) Customer Representative-Bilingual in CMG, and that you performed work for the following number of full or partial workweeks:

From <<Beginning date>> to April 19, 2008:      <<workweeks1>> workweeks.

From April 20, 2008 to March 27, 2009:      <<workweeks2>> workweeks




**Check one:**

☐ I do not wish to challenge the count of workweeks stated above.

☐ I wish to challenge the count of workweeks stated above. I have included with my signed Claim Form a written statement with what I believe are my correct dates of employment in a Covered Position with Pacific Bell in California during the time periods listed above. I also have included documentary evidence and/or a statement that supports my claim, and I recognize that my claim will not be reviewed without such statement or evidence. I understand that by submitting this challenge, I hereby authorize the Settlement Administrator to review Pacific Bell's records and make a determination based on Pacific Bell's records and the records or statement I submitted. I understand that the Settlement Administrator's determination of the number of compensable workweeks will be final and binding on the parties and on me, with no opportunity for further appeal or review.

## RELEASE AND SIGNATURE

My signature below constitutes my full and complete release, to the fullest extent permitted by law, of Pacific Bell and its predecessors, successors, and affiliates for any and all claims arising from, or in any way related to, allegations of having not been paid all wages owed in accordance with California or federal law, including, but not limited to, any and all claims, known or unknown, for "off-the-clock," straight time, minimum, and overtime wages; payments for alleged meal and rest period violations; any and all penalties, including but not limited to recordkeeping penalties, pay stub penalties, minimum wage penalties, and waiting time penalties; interest; attorneys' fees and costs; and other related claims or penalties under federal, state and local wage-and-hour laws, up to and including the date of final Court approval of the Settlement.

## FLSA CONSENT TO OPT IN

By submitting this Claim Form, I hereby give my consent to be a party plaintiff in this action pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 216(b).

[If you are submitting this claim form on behalf of a class member who has passed away or become incapacitated, provide details about the capacity in which you are submitting this Claim Form on separate sheets and include them with this completed Claim Form.]

## TAXPAYER IDENTIFICATION NUMBER CERTIFICATION

**Tax Payer Identification Number**

Enter your Social Security Number: ☐☐☐ -- ☐☐ -- ☐☐☐☐

**Certification**

Under penalties of perjury, I certify that:

1. The Social Security number shown on this form is my correct taxpayer identification number (or I am waiting for a number to be issued to me); and

2. I am not subject to backup withholding because: (a) I am exempt from backup withholding, or (b) I have not been notified by the Internal Revenue Service (IRS) that I am subject to backup withholding as a result of a failure to report all interest or dividends, or (c) the IRS has notified me that I am no longer subject to backup withholding, **and**

3. I am a U.S. person (including a U.S. resident alien).

_____       _____
W-9 Signature                              W-9 Signature Date
Note: If you have been notified by the IRS that you are subject to backup withholding, you must cross out item 2 above. The IRS does not require your consent to any provision of this document other than this Form W-9 certification to avoid backup withholding.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Dated: _____       Signature: _____

* 2 - 2 *